UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN G. ADAMS,

    Plaintiff,                                    Case No. 14-cv-14724
                                                       Hon. Matthew F. Leitman

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING REPORT AND RECOMMENDATION (ECF #17), (2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #18), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #16), AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #13)**

In this action, Plaintiff Brian G. Adams ("Adams") alleges that the Social Security Administration wrongly denied his application for Social Security disability insurance benefits. After the parties filed cross-motions for summary judgment, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which she recommended that the Court (1) grant summary judgment in favor of Defendant Commissioner of Social Security (the "Commissioner"), and (2) deny Adams' Motion for Summary Judgment. (*See* R&R, ECF #17.) Adams filed timely objections to the R&R (the "Objections"). (*See* ECF #15.) The Court has now conducted a *de novo* review of the portions of the R&R to which Adams has objected. For the reasons stated below, the court **OVERRULES** the Objections (ECF #18),

1

**ADOPTS** the R&R as the Opinion of the Court (ECF #17), **GRANTS** the Commissioner's Motion for Summary Judgment (ECF #16), and **DENIES** Adams' Motion for Summary Judgment (ECF #13).

## RELEVANT FACTUAL BACKGROUND

In 2009, Adams underwent cervical spine surgery because he was experiencing neck pain and episodic hand numbness. (*See* Admin. R., ECF #11-11, Pg. ID 496.) After the surgery, Adams complained that his hand numbness worsened and that he began feeling a burning sensation that radiated down his left arm. (*See id.*) Adams claims that he has also experienced severe and debilitating pain due to impairments of his cervical vertebrae and a number of other medical conditions affecting his spine and heart. (*See* Pl.'s Mot. Summ. J., ECF #13, Pg. ID 595-602.)

On April 23, 2012, Adams applied for Social Security disability benefits. On July 13, 2012, the Social Security Administration concluded that Adams was not disabled under the Social Security Act ("SSA"), and it denied his application. (*See* Admin. R., ECF #11-3, Pg. ID 102.) Adams then requested a hearing before an administrative law judge. (*See* Admin. R., ECF #11-4, Pg. ID 111-12.)

Adams' hearing was held on August 8, 2013 before administrative law judge Neil Sullivan (the "ALJ"). (*See* Admin. R., ECF #11-2, Pg. ID 61.) At the hearing, Adams testified that he suffered from intense pain shooting down his shoulders and his arms. (*See* ALJ Hearing Tr., ECF #11-2, Pg. ID 69.) Adams also testified that he had restricted neck mobility and experienced constant numbness and tingling in his

hands. (*See id.*) According to Adams, the complications with his cervical vertebrae and the accompanying pain substantially interfered with his daily life. (*See id.*, Pg. ID 77.)

On August 19, 2013, the ALJ issued a written decision in which he determined that Adams was not disabled under the SSA and was therefore not entitled to benefits (the "ALJ's Decision"). (*See* ALJ's Decision, ECF #11-2, Pg. ID 54.) The ALJ followed a five-step analysis[1] and made the following findings: (1) Adams had not engaged in substantial gainful activity since December 16, 2009, the alleged disability onset date (*see id.*, Pg. ID 47); (2) Adams did suffer from severe impairments including "disorders of the back, neck, shoulder, and trapezius status-post cervical fusion at C4-6, hypertension, myofascial pain and other reported chronic pain" (*id.*); (3) Adams' impairments did not reach the level of severity required by the SSA (*see id.*, Pg. ID 48); (4) Adams could not perform the relevant work that he performed in the past (*see id.*, Pg. ID 53); and (5) Adams was capable of performing a significant number of jobs despite his severe limitations and impairments (*see id.*). Adams filed a Request for Review with the Social Security Administration's Appeals Council, and the Council denied review on October 21, 2014. (*See* Admin. R., ECF #11-2, Pg. ID 36.)

---

[1] The SSA's five-step analysis is codified in Federal Regulations at 20 C.F.R. §§ 404.1520, 416.920 and is provided in the R&R. (ECF #17 at 3-4, Pg. ID 648-49.)

3

On December 15, 2014, Adams filed his Complaint in this Court challenging the denial of disability benefits. (*See* Compl., ECF #1.) Both Adams and the Commissioner then filed cross-motions for summary judgment. (*See* Pl.'s Mot. Summ. J., ECF #13; Def.'s Mot. Summ. J., ECF #16.) The Magistrate Judge reviewed the parties' motions and issued the R&R in which she recommended that the Court grant the Commissioner's Motion and deny Adams' Motion. (*See* R&R, ECF #14 at 1, Pg. ID 646.)

On December 21, 2015, Adams filed Objections to the R&R. (*See* ECF #18.) He urges the Court to reject the R&R and to overturn the ALJ's decision for four reasons. First, Adams argues that the ALJ did not follow the "treating source rule" and improperly discounted his treating physician's medical opinion. (*See id.* at 1, Pg. ID 682.) Second, Adams insists that the ALJ erred when he discounted Adams' credibility. (*See id.* at 4, Pg. ID 685.) Third, Adams contends that the ALJ did not discuss his ability to perform sustained work on a continuing basis. (*See id.*) Fourth, he says the ALJ failed to adequately consider whether he (Adams) met the criteria for spinal disorders provided in Social Security Listing 1.04. (*See id.* at 5-6, Pg. ID 686-87.)

## **GOVERNING LEGAL STANDARD**

When a party has objected to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. See Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to

conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In reviewing the disputed factual findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Moreover, "[i]t is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

## ANALYSIS

**A.    The Court Overrules Adams' Objection that the ALJ Did Not Provide Good Reasons for Not Following the "Treating Source Rule"**

Dr. Legere-Struntz was one of the physicians who treated Adams for chronic pain arising from, and associated with, impairments of his cervical vertebrae. (*See* ALJ's Decision, ECF #11-2, Pg. ID 52.) On October 20, 2011, Dr. Legere-Struntz encouraged Adams to "seek disability." (*See* Admin. R., ECF #11-12, Pg. ID 559.) Despite this suggestion by Dr. Legere-Struntz, the ALJ determined that Adams was

5

not disabled. Adams contends that the ALJ failed to accord Dr. Legere-Struntz's opinion appropriate weight under the "treating source rule." (*See* Objections, ECF #18 at 1, Pg. ID 682.) The Court concludes that the Magistrate Judge properly rejected this argument.

A treating physician's medical opinion is given controlling weight if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. § 404.1527(c)(2). An ALJ must provide "good reasons" for discounting the opinion of a disability applicant's treating physician. *See id.*; *see also Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007).

As the Magistrate Judge correctly concluded, the ALJ did provide good reasons for assigning no weight to Dr. Legere-Struntz's suggestion that Adams seek disability. The ALJ noted that Dr. Legere-Struntz's suggestion "was only one sentence and did not provide any explanation for her reasoning." (ALJ's Decision, ECF #11-2, Pg. ID 52.) The ALJ also noted that Dr. Legere-Struntz's "own examination notes . . . did not indicate that the claimant had significant functional limitations or objective findings that would suggest that his impairments were so debilitating as [to] cause the claimant to be disabled." (*Id.*) Moreover, as the Magistrate Judge accurately observed, "D.O. Legere-Struntz's notes are largely recordings of subjective complaints without objective support; she rendered no opinion regarding Adams' functional limitations . . . ." (R&R, ECF #17 at 26, Pg. ID 671.)

6

Adams also argues that the Magistrate Judge ignored an important medical record that supports Dr. Legere-Struntz's disability opinion. The record in question is a "Physical Therapy Initial Evaluation" created by "N. Hunt, DPT" (the "Initial Evaluation Form"). (Admin. R., ECF #11-10, Pg. ID 401.) Adams says that the Initial Evaluation Form indicates that he was having problems bathing, lifting amounts greater than five pounds, and walking for more than five minutes. (*See* Objections, ECF #18 at 4, Pg. ID 685.) But the Initial Evaluation Form reflects his own subjective reports to N. Hunt; the statements on the Initial Evaluation Form cannot reasonably be read as expressing N. Hunt's professional opinion as to the scope of Adams' limitations. In this context, the Initial Evaluation Form does not provide such strong support for Dr. Legere-Struntz's opinion that the ALJ was bound to accord controlling weight to the doctor's opinion.

For all of these reasons, the Magistrate Judge did not err in rejecting Adams' argument that the ALJ failed to comply with the treating physician rule.

## B. The Court Overrules Adams' Objections to the ALJ's Credibility Determinations

Adams argues that the ALJ did not sufficiently explain his reasons for finding that Adams was not entirely credible. The Magistrate Judge offered a lengthy, balanced, and persuasive analysis as to why Adams is not entitled to relief based upon the ALJ's assessment of his credibility. (*See* R&R, ECF #17 at 27-31, Pg. ID 672-76.) Among other things, the Magistrate Judge noted that Adams' hearing testimony

in August of 2013 that he could not sit for fifteen minutes was difficult, if not impossible, to reconcile with his admission to his doctor that one month earlier he had been camping near, *and tubing down*, the Au Sable River. (*See* R&R, ECF #17 at 30, Pg. ID 675.) Adams has not even attempted to show any error in the *Magistrate Judge's analysis* of this credibility issue. Instead, he simply describes the Magistrate Judge's analysis and repeats the arguments from his motion. (*See* Objections, ECF #18 at 4-5, Pg. ID 685-86.) Adams is not entitled to relief based upon this objection. *See, e.g.*, *Janney v. Comm'r of Soc. Sec.*, 2014 WL 1117826, at *1 (N.D. Ohio Mar. 19, 2014) (an objection to a report and recommendation must demonstrate how the Magistrate Judge erred and may not merely repeat arguments from the motion considered by the Magistrate Judge in the first instance).[2]

In any event, Adams has failed to show that the ALJ erroneously discounted his credibility. Adams insists that the ALJ's decision does not mention any of Adams'

---

[2] A party objecting to a report and recommendation has "the duty to pinpoint those portions of *the magistrate's report* that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (emphasis added). The objecting party must show how the Magistrate Judge erred and may not simply repeat the arguments presented in the underlying motion. Indeed, if a party was permitted to simply repeat the arguments it presented to the Magistrate Judge – without attempting to show any error in the Magistrate Judge's analysis – then the "functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

hearing testimony. (*See* Objections, ECF #18 at 5, Pg. ID 686.) While it is true that the ALJ did not cite to specific lines of testimony by Adams, it is nonetheless clear that the ALJ considered the testimony and found it to be less than fully credible. The ALJ gave collective consideration to Adams "statements on his disability application, subsequent functional statements, *and his testimony at the hearing*," (ALJ's Decision, ECF #11-2, Pg. ID 52; emphasis added) and determined that Adams' overall claim of disability could not be fully reconciled with the medical evidence. The ALJ's Decision does fairly indicate the basis on which the ALJ declined to accept Adams' testimony.

### C. The Court Overrules Adams' Objection That the ALJ Erred by Failing to Discuss His Ability to Perform Sustained Work

Adams argues that the ALJ erred by failing to specifically discuss his ability to perform sustained work activities. (*See* Objections, ECF #18 at 4-5, Pg. ID 685-86.) The Magistrate Judge rejected this argument on the ground that "as courts around the country have repeatedly found, 'an RFC implicitly includes the determination on whether the claimant can sustain a regular work schedule.'" (R&R, ECF #17 at 32, Pg. ID 677 (citing *Houston v. Comm'r of Soc. Sec.*, 2015 WL 5752720, at \*18 (E.D. Mich., Aug. 25, 2015) (compiling cases), report and recommendation adopted at 2015 WL 5729079 (E.D. Mich., Sept. 30, 2015))). Adams does not even mention this portion of the R&R and makes no effort to show how the Magistrate Judge erred in

9

rejecting his argument that the ALJ failed to discuss his capacity to perform sustained work. Accordingly, Adams is not entitled to relief based upon this objection.

**D.	The Court Overrules Adams' Objection that the ALJ Was Required to Determine Whether Adams Was Disabled Under Social Security Listing 1.04**

Adams argues that the ALJ failed to consider whether he had established a disability under Social Security Listing 1.04 (addressing spinal disorders), and that a remand is necessary. The Magistrate Judge rejected this argument for the following reasons:

> [W]hile Adams suggests that the ALJ "failed to consider the application of Listing 1.04 in the decision," he does not point to evidence sufficient to meet that listing. (Doc. 13 at 21-22). Listing 1.04 relates to disorders of the spine. Specifically Listing 1.04A refers to evidence of nerve root compression characterized by specific clinical findings; Listing 1.04B refers to spinal arachnoiditis, confirmed by an operative note or tissue biopsy, and Listing 1.04C refers to lumbar spinal stenosis that results in certain findings on diagnostic imaging techniques and certain specified physical limitations. 20 C.F.R. Part 404. To warrant remand, "[a] claimant must do more than point to evidence on which the ALJ could have based his finding . . . [r]ather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014). Here, Adams merely suggests that there are "clear indications of a spinal injury," including "the surgical procedure and the fact that objective evidence indicated further deficit at a level below the fusion." (Doc. 13 at 22). This non-specific reference to the medical record cannot support remand. For his part, the ALJ sufficiently explained why Adams did not meet this listing by evaluating in detail the objective

>findings relating to Adams' spinal impairments. (Tr. 14-17). Thus, no error can be found on this point either.

(R&R, ECF #17 at 32-33, Pg. ID 677-78.)

Adams does not attempt to demonstrate any error in this analysis by the Magistrate Judge. Indeed, he would have no basis for such a claim because the entirety of his analysis on this point in his motion for summary judgment consisted of the following three conclusory sentences: "In the mater [sic] at bar there are clear indications of a spinal injury. Of special significance is the surgical procedure and the fact that objective evidence indicated further deficit at a level below the fusion. It is well established that an ALJ must explain in detail why a claimant's impairment meets, or does not meet, a listing." (Pl.'s Mot. Summ. J., ECF #13 at 22, Pg. ID 615.) The Magistrate Judge correctly concluded that this cursory argument was not sufficient to warrant a remand.

In his Objections, Adams attempts for the first time to make a specific connection between his medical records and the requirements of Social Security Listing 1.04. But aside from the fact that a party may not add new support for an argument in objections to a report and recommendation, Adams' objection still fails to make a sufficient showing that his condition satisfied all of the specific requirements of Social Security Listing 1.04. Accordingly, the Court overrules this objection.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that

- The Magistrate Judge's R&R (ECF #17) is **ADOPTED** as the opinion of the Court;

- Adams' Objections to the R&R (ECF #18) are **OVERRULED**;

- The Commissioner's Motion for Summary Judgment (ECF #16) is **GRANTED**; and

- Adams' Motion for Summary Judgment (ECF #13) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113